IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **CLARENCE BRITTEN, #Y32384,** ) <br> ) <br> **Plaintiff,** ) <br> ) <br> vs. ) <br> ) <br> **ANTHONY WILLS,** ) <br> **CARRIE MORRIS, and** ) <br> **S. BUETTNER,** ) <br> ) <br> **Defendants.** ) | Case No. 3:22-cv-00409-SMY |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Clarence Britten, an inmate of the Illinois Department of Corrections, filed the instant lawsuit pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights at Menard Correctional Center ("Menard"). This case is now before the Court for preliminary review of the Complaint under 28 U.S.C. § 1915A. Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

### Complaint

Plaintiff makes the following allegations in the Complaint (Doc. 1): Plaintiff has been diagnosed with intermittent explosive disorder, impulse control disorder, antisocial personality disorder, post-traumatic stress disorder, bipolar disorder, and unspecified depressive disorder. He experiences paranoia, anxiety, suicidality, and heightened aggression. He was hospitalized in mental health facilities on various occasions before his incarceration.

Plaintiff has been in segregation at Menard since November 2019. Social worker Carrie Morris and mental health professional S. Buettner are aware of Plaintiff's mental health disorders

but have denied him adequate mental health treatment. Plaintiff has suffered deterioration of his mental health due to the conditions of confinement at Menard and inadequate mental health care. He has engaged in cutting and genital mutilation, set himself on fire, swallowed metal objects, and drank disinfectants. He has been hospitalized five times due to self-inflicted harm and has been placed on suicide watch at least seventeen times. He currently takes forced medication because Defendants concluded that he has no self-control.

Plaintiff has notified Morris and Buettner of mistreatment by corrections officers due to his mental health disorders. They disregarded his allegations and allowed security staff to interfere with his treatment based on their personal relationships with officers. They have denied and/or ignored his request for a transfer and better mental health treatment. Plaintiff has gone on hunger strikes and attempted suicide to bring attention to his issues to no avail. He is at a substantial risk of death.

Plaintiff wrote multiple grievances regarding on these issues. He submitted an emergency grievance on November 26, 2021, detailing the denial of adequate mental health treatment and seeking a transfer and higher level of care. Warden Wills granted expedited review, but Plaintiff's grievance was ultimately denied by the grievance officer and Warden Wills. Warden Wills failed to intervene even though he was aware of the denial of adequate mental health care.

Based on the allegations in the Complaint, the Court designates the following claims in this *pro se* action: [1]

> Count 1: Eighth Amendment claim against Anthony Wills, Carrie Morris, and S. Buettner for exhibiting deliberate indifference to Plaintiff's serious medical and mental health needs related to his mental health disorders.

---

[1] Any claim mentioned in the Complaint but not addressed in this Order is dismissed without prejudice as inadequately pled under the *Twombly* pleading standard. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face.").

Plaintiff asserts his claims against each defendant in his/her individual and official capacities. He seeks monetary damages and injunctive relief.

## Discussion

Prison officials and medical staff violate the Eighth Amendment's prohibition on cruel and unusual punishment when they act with deliberate indifference to a prisoner's serious medical needs. *Rasho v. Elyea*, 856 F.3d 469, 475 (7th Cir. 2017). To state a claim, a prisoner must allege facts suggesting that (1) he suffered from an objectively serious medical condition, and (2) the defendant acted with deliberate indifference to his medical needs. *Id.* "[D]eliberate indifference may be found where an official knows about unconstitutional conduct and facilitates, approves, condones, or turns a blind eye to it." *Perez v. Fenoglio*, 792 F.3d 768, 781 (7th Cir. 2015). "[A] prison official's knowledge of prison conditions learned from an inmate's communications can, under some circumstances, constitute sufficient knowledge of the conditions to require the officer to exercise his or her authority and to take the needed action to investigate and, if necessary, to rectify the offending condition." *Vance v. Peters*, 97 F.3d 987, 993 (7th Cir. 1996).

The allegations in the Complaint are sufficient for the claim in Count 1 to proceed against Anthony Wills, Carrie Morris, and S. Buettner. Anthony Wills, in his official capacity as the Warden of Menard Correctional Center, is the proper defendant for the injunctive relief claim. *See, Gonzales v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011). But Plaintiff's claims for monetary damages may only be pursued against state officials in their individual capacities. *Brown v. Budz*, 904 F.3d 904, 918 (7th Cir. 2005); *Shockley v. Jones*, 823 F.2d 1068, 1070 (7th Cir. 1987). Accordingly, the official capacity claims against Morris and Buettner are dismissed without prejudice.

**<u>Motion for Temporary Restraining Order and Preliminary Injunction</u>**

Plaintiff filed a Motion for Temporary Restraining Order and Preliminary Injunction contemporaneously with his Complaint. (Doc. 5). He seeks a temporary restraining order ("TRO") directing his immediate release from segregation and a preliminary injunction directing his transfer to a facility that will provide a higher level of mental health care. (*Id.*, pp. 3, 9).

A TRO is an order issued without notice to the party to be enjoined, but it may last no more than fourteen (14) days. Fed. R. Civ. P. 65(b)(2). Further, a TRO may issue without notice only if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A).

The Allegations in Plaintiff's Complaint do not clearly demonstrate that he will suffer irreparable harm before the defendants can be given notice and an opportunity to be heard. Moreover, although a mentally ill inmate's safety is of paramount importance, courts rarely interfere with prison housing decisions. Accordingly, Plaintiff's request for a TRO is **DENIED** without prejudice.

Plaintiff also seeks a preliminary injunction, which may issue only after the adverse party is given notice and an opportunity to oppose the motion. Fed. R. Civ. P. 65(a)(1). Therefore, the Warden of Menard Correctional Center is ordered to file a response to the request for injunctive relief within 14 days of service.

**<u>Disposition</u>**

Count 1 will proceed against Anthony Wills, Carrie Morris, and S. Buettner in their individual capacities. The injunctive relief claim will proceed against Anthony Wills, Warden of Menard Correctional Center in his official capacity.

The Clerk shall prepare for Anthony Wills (official and individual capacities), Carrie Morris, and S. Buettner: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff.  If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk and shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).  Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order.

The Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 5) is **DENIED in part**.  Specifically, Plaintiff's request for a TRO is **DENIED** without prejudice.  **<u>THE WARDEN OF MENARD CORRECTIONAL CENTER IS ORDERED TO FILE A RESPONSE TO THE REQUEST FOR PRELIMINARY INJUNCTIVE RELIEF (Doc. 5) WITHIN 14 DAYS OF SERVICE</u>**.

Plaintiff is **ADVISED** that if judgment is rendered against him and the judgment includes the payment of costs under 28 U.S.C. §1915, he will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

Finally, based on the allegations in the Complaint, the Clerk of Court is **DIRECTED** to **ENTER** the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

**IT IS SO ORDERED.**

**DATED:** April 4, 2022

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**

**Notice to Plaintiff**

The Court will take the necessary steps to notify the Defendants of your lawsuit and serve them with a copy of your Complaint. After service has been achieved, Defendants will enter an appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the Defendants' Answer, but it is entirely possible that it will take **90 days** or more. When Defendants have filed their Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, to give the Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.