IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CLARENCE BRITTEN, #Y32384, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | Case No. 3:22-cv-00409-SMY |
| ) | |
| ANTHONY WILLS, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Clarence Britten, an inmate of the Illinois Department of Corrections, filed the instant lawsuit pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights at Menard Correctional Center. This case is now before the Court on Britten's Motion for Preliminary Injunction. (Doc. 5). For the following reasons, the motion is **DENIED**.

### Background

Britten makes the following allegations in the Complaint (Doc. 1): He has been diagnosed with intermittent explosive disorder, impulse control disorder, antisocial personality disorder, post-traumatic stress disorder, bipolar disorder, and unspecified depressive disorder and experiences paranoia, anxiety, suicidality, and heightened aggression. He was hospitalized in mental health facilities on various occasions before his incarceration.

Britten has been in segregation at Menard since November 2019. Social worker Carrie Morris and mental health professional S. Buettner are aware of his mental health disorders but have denied him adequate mental health treatment. He has suffered deterioration of his mental health due to the conditions of confinement and inadequate mental health care at Menard. He has engaged in cutting and genital mutilation, set himself on fire, swallowed metal objects, and drank

disinfectants. He has been hospitalized five times due to self-inflicted harm and has been placed on suicide watch at least seventeen times. He currently takes forced medication because defendants concluded that he has no self-control.

Morris and Buettner have denied and/or ignored Britten's request for a transfer and better mental health treatment. Britten submitted an emergency grievance detailing the denial of adequate mental health treatment and seeking a transfer and higher level of care, but Warden Wills failed to intervene.

Following review of the Complaint under 28 U.S.C. § 1915A, Britten was allowed to proceed on an Eighth Amendment claim against Wills, Morris, and Buettner for exhibiting deliberate indifference to his serious medical and mental health needs related to his mental health disorders (Doc. 14). By separate motion (Doc. 5), he seeks a preliminary injunction directing his release from punitive segregation and transfer to a more therapeutic setting to obtain a high level of mental health care.[1]

In opposition to Britten's motion, Defendants submit the Declaration of Morris, a licensed clinical social worker, who states that Britten has been and is receiving ongoing mental health treatment (Doc. 21). Defendants also contend the relief Britten seeks – transfer to a particular institution and a higher level of care – is not required under the Constitution. Finally, Defendants assert Britten has not demonstrated that he will likely suffer irreparable harm absent a preliminary injunction.

## Discussion

A preliminary injunction is an "extraordinary and drastic remedy" for which there must be a "clear showing" that a plaintiff is entitled to relief. *Mazurek v. Armstrong*, 520 U.S. 968, 972

---

[1] Britten also sought a temporary restraining order in the motion (Doc. 5) that was denied (Doc. 14).

(1997) (internal citation omitted). "To obtain a preliminary injunction, a plaintiff must show that it is likely to succeed on the merits, and that traditional legal remedies would be inadequate, such that it would suffer irreparable harm without the injunction." *Life Spine, Inc. v. Aegis Spine, Inc.*, 8 F.4th 531, 539 (7th Cir. 2021). "If the plaintiff makes this showing, the court weighs the harm of denying an injunction to the plaintiff against the harm to the defendant of granting one." *Id.* "In balancing the harms, the court also considers the public interest." *Id.*

Britten first argues that he is not appropriately housed in segregation at Menard. However, an inmate has no constitutionally protected interest in choosing his place of confinement. *Meachum v. Fano*, 427 U.S. 215, 225 (1976). And "[i]t is well settled that the decision where to house inmates is at the core of prison administrators' expertise." *McKune v. Lile*, 536 U.S. 24, 38 (2002).

Additionally, while Britten is decidedly unhappy with his placement and mental health treatment, he has failed to establish a need for judicial intervention. The Court is not in a position to address Plaintiff's abundant mental health disorders and must rely on the opinions of trained medical and mental health professionals to assess and treat Plaintiff's therapeutic needs. In that vein, Defendants have presented the Morris' Declaration addressing Britten's mental health treatment. According to Morris, Britten is regularly seen by a psychiatrist and mental health practitioner, he has access to treatment in the form of restrictive housing group which occurs ten hours weekly to prevent the likelihood of mental health decompensation, he has access to crisis watch, and while in crisis watch, has been offered the opportunity to speak with a mental health practitioner daily (Doc. 21). Britten may want different mental health care, but a prisoner is not entitled to demand specific care, nor is he entitled to the best care possible. *Arnett v. Webster*, 658 F.3d 742, 754 (7th Cir. 2011).

At this juncture, Britten has failed to demonstrate that he is in danger of imminent, irreparable harm without the requested injunctive relief. Accordingly, his Motion for Preliminary Injunction (Doc. 5) is **DENIED**.

**IT IS SO ORDERED.**

**DATED: May 16, 2022**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**