IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CLARENCE BRITTEN, </br></br>     Plaintiff, </br></br> v. </br></br> ANTHONY WILLS, et al., </br></br>     Defendant. | Case No. 22-cv-409-SMY-RJD |

**ORDER**

**DALY, Magistrate Judge:**

This matter comes before the Court on Plaintiff's Motions to Compel referred to the undersigned pursuant to the Federal Magistrate Act (as amended), 28 U.S.C. §636(b)(1)(A). Doc. 48. Plaintiff's First Motion to Compel (Doc. 44) is GRANTED IN PART AND OTHERWISE DENIED AS MOOT. Plaintiff's Second Motion to Compel (Doc. 45) is DENIED.

Plaintiff, an inmate of the Illinois Department of Corrections, filed this lawsuit pursuant to 42 U.S.C §1983, claiming that his Eighth Amendment Constitutional rights were violated at Menard Correctional Center. Doc. 1. Specifically, Plaintiff alleges that Defendants Buettner and Morris (mental health staff members at Menard) were deliberately indifferent to his mental health needs by denying him treatment for various conditions, including bipolar disorder, intermittent explosive disorder, and post-traumatic stress disorder. Doc. 14. Plaintiff also alleges that Defendant Anthony Wills (the warden at Menard) was aware that Defendants were denying him mental health treatment but failed to intervene. *Id*.

In his first Motion to Compel (Doc. 44), Plaintiff contends that he served Defendants with

Interrogatories and Requests for Production on January 15, 2023, but by March 21, 2023 had not received any Responses. Defendant Buettner filed a Response (Doc. 47), explaining that her attorney had written Plaintiff twice, asking him for an extension of time to respond to the discovery requests; instead of responding to the letter, Plaintiff simply filed the Motion to Compel. Regardless, on April 13, Defendant Buettner completed her responses to Plaintiff's Interrogatories and Requests for Production and sent them to Plaintiff.

Defendants Wills and Morris also filed a Response (Doc. 46), explaining that they sent Plaintiff their responses to his Requests for Production on March 17, 2023. Defendant Wills completed his responses to Interrogatories on April 13, 2023. Defendant Morris intended to complete her responses "as soon as practicable." To the extent Defendant Morris has not already completed her responses to Interrogatories and sent them to Plaintiff, she shall do so on or before July 12, 2023. Plaintiff's First Motion to Compel IS OTHERWISE denied.

In his second Motion to Compel, Plaintiff asks the Court to overrule objections made by Defendant Wills and Morris to Plaintiff's Requests for Production. As an initial matter, some of Plaintiff's Requests for Production read as Interrogatories, e.g., Request #1 asks Defendants to "state the duties of defendant Carrie Morris." Defendants object that these Requests (1, 2, 3, 5, 11, 13, 17, 21, 22, 23, 24) are not proper under Federal Rule of Civil Procedure 34, but regardless, Defendants also stated that they did not withhold any documents on the basis. For example, in Request #1, Defendants produced the job description for social workers. The Court will only consider Defendants' objections for which they withheld documents or declined to search for documents.

In Request #4, Plaintiff asks for "the procedure in effect during 2021 and 2022 by which employees are suppose[d] to carry themselves concerning the misconduct of other employee

within the Illinois Department of Corrections." Defendants objected that policies and procedures regarding employee misconduct are not relevant to whether Plaintiff's constitutional rights were violated in this case. Of course, Plaintiff alleges Defendant Wills knew that Buettner and Morris were harming Plaintiff (either through action or inaction) but failed to intervene. However, Defendant Wills is the chief administrative officer at Menard, and the issues on this claim will be whether he knew Plaintiff was receiving inadequate mental health treatment but refused to exercise his authority to correct the situation. *Perez v. Fenoglio*, 792 F.3d 768, 782 (7th Cir. 2015) (internal citations and quotations omitted). The connection between Defendant Wills' exercise of authority at Menard and general policies about reporting and acting upon employee misconduct at Menard is merely tangential. Defendants' objections to Request #4 are sustained.

In Request #6, Plaintiff asks for "any incident reports on file concerning the plaintiff." Defendants responded that they have only searched for incident reports that are related to Plaintiff's claims in this case, noting that Plaintiff has been in IDOC for nearly five years and stayed at five different correctional facilities. Searching for incident reports at other facilities would pose an undue burden on Defendants because those reports are maintained and organized based on the date of the incident. More importantly, all of Plaintiff's allegations take place at Menard, so a search for incident reports and grievances at other institutions would produce little (if any) relevant documents. Defendants' objection to Request #6 is sustained.

In Request #18, Plaintiff asks for all complaints and grievances issued against Defendant Buettner. To respond to this request and locate such documents, counsel for Defendants Wills and Morris would have to review the files of all inmates who resided at Menard and/or any other location where Defendant Buettner worked. The Court therefore sustains Defendants' objections that this request would impose an undue burden on Defendants Wills and Morris.

**Conclusion**

To the extent Defendant Morris has not already completed her responses to Interrogatories and sent them to Plaintiff, she shall do so on or before July 12, 2023.   Plaintiff's First Motion to Compel (Doc. 44) is OTHERWISE DENIED AS MOOT.   Plaintiff's Second Motion to Compel (Doc. 45) is DENIED.

**IT IS SO ORDERED.**

**DATED:   June 28, 2023**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**