IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CLARENCE BRITTEN, #Y32384, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 22-cv-409-SMY |
| | ) |
| ANTHONY WILLS et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Clarence Britten filed the instant lawsuit pursuant to 42 U.S.C. § 1983 claiming the defendants were deliberately indifferent to his serious medical and mental health needs at Menard Correctional Center, in violation of the Eighth Amendment (Doc. 1). On March 31, 2024, this Court granted Summary Judgment in favor of the two remaining defendants, and the case was dismissed (Docs. 72, 73). Now pending before the Court is Plaintiff's Motion for Reconsideration of the Summary Judgment Order (Doc. 74).

A motion filed after judgment has been entered can be analyzed either under Rule 59(e) or under Rule 60(b) of the Federal Rules of Civil Procedure. When a substantive motion is filed within twenty-eight (28) days of entry of judgment or order, courts generally construe it as a motion pursuant to Rule 59(e); later filed motions are construed under Rule 60(b). *Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994). As Plaintiff's motion was filed within 28 days after the entry of the March 31, 2024 summary judgment order, it will be analyzed under Rule 59(e).

Rule 59(e) applies to the reconsideration of matters encompassed in a decision on the merits. *Osterneck v. Ernst & Whinney*, 489 U.S. 169, 174-76 (1989). Under this rule, motions are

generally granted only upon a showing of either newly discovered evidence not previously available or evidence in the record that clearly establishes a manifest error of law or fact. *Sigsworth v. City of Aurora, Ill.*, 487 F.3d 506, 511-12 (7th Cir. 2007) (*Romo v. Gulf Stream Coach, Inc.*, 250 F.3d 1119, 1121 n. 3 (7th Cir. 2001)). Relief sought under Rule 59(e) is an "extraordinary remed[y] reserved for the exceptional case." *Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008).

Motions for reconsideration are not appropriate vehicles for re-litigating arguments the Court previously rejected or for arguing issues or presenting evidence that could have been raised during the pendency of the motion presently under reconsideration. *Sigworth v. City of Aurora*, 487 F.3d 506, 512 (7th Cir. 2007). In other words, a proper motion to reconsider does more than take umbrage and restate the arguments that were initially rejected. *County of McHenry v. Ins. Co. of the West*, 438 F.3d 813, 819 (7th Cir. 2006).

Here, Plaintiff primarily reiterates arguments he made in response to the summary judgment motion and makes generalized statements about his disagreement with the Court's ruling. He does not present newly discovered evidence or establish that the Court made a manifest error of law or fact. Accordingly, the Motion for Reconsideration (Doc. 74) is **DENIED**.

**IT IS SO ORDERED.**

**DATED:** May 14, 2024

**STACI M. YANDLE**
**United States District Judge**